IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Christine I. O'Neill
1400 New Road
Linwood, NJ 08221;

The Estate of John P. O'Neill, Sr.
c/o Christine I. O'Neill
1400 New Road
Linwood, NJ 08221;

Mark Morabito
6689 Saint Johns Parkway
Victor, NY 14564;

The Estate of Laura Lee Morabito
c/o Mark Morabito
6689 Saint Johns Parkway
Victor, NY 14564;

Anne M. Wodenshek
124 Lenox Avenue
Ridgewood, NJ 07450;

The Estate of Christopher W. Wodenshek
c/o Anne M. Wodenshek
124 Lenox Avenue
Ridgewood, NJ 07450; and

Sharon Premoli
PO Box 733
East Dorset, Vermont 05253,

On behalf of themselves and all other similarly situated
eligible 9/11 claimants under 34 U.S.C. § 20144,

*Plaintiffs,*

vs.

Merrick Garland as Attorney General of the United States
950 Pennsylvania Ave., NW
Washington, DC 20530;

The United States Department of Justice
950 Pennsylvania Ave., NW

No. _____

**CLASS ACTION
COMPLAINT**

Washington, DC 20530;

Janet L. Yellen as Secretary of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220;

The United States Department of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220;

The Office of Management and Budget
725 17th Street, NW
Washington, DC 20503; and

Mary Patrice Brown as Special Master of the U.S. Victims
of State Sponsored Terrorism Fund
950 Pennsylvania Ave., NW
Washington, DC 20530,

*Defendants.*

1.      Plaintiffs are the personal representatives of the estates of decedents who were murdered, family members of decedents who were murdered, or persons injured as a result of the terrorist attacks against the United States on September 11, 2001, who secured judgments against the Islamic Republic of Iran ("Iran") and who are eligible to receive award distributions from the U.S. Victims of State Sponsored Terrorism Fund ("VSST" or "Fund"). Plaintiffs bring this action on behalf of themselves and all other similarly situated eligible 9/11-related VSST claimants under 34 U.S.C. § 20144, against Defendants herein, and allege as follows:

## NATURE OF THE ACTION

2.      In December 2015, Congress created the VSST to compensate victims of state sponsored terror, including those who lost loved ones on September 11, 2001. *See* Justice for United States Victims of State Sponsored Terrorism Act, Pub. L. 114–113, § 404, 129 Stat. 3007 (2015) (the "VSST Act").

docs-100381580.1

3.      The VSST Act required Defendants to allocate into the VSST half of civil and all criminal funds forfeited or paid to the United States after December 18, 2015 for violations of various sanctions regimes.

4.      The VSST Act required the U.S. Attorney General to appoint a Special Master to administer the Fund to ensure that terror victims deemed eligible for the VSST received their fair share of Fund proceeds "on a pro rata basis, based on the amounts outstanding and unpaid on eligible claims."

5.      In November 2019, following two years of distributions made by the VSST, Congress enacted the United States Victims of State Sponsored Terrorism Fund Clarification Act, P.L. 116-69, § 1701, 133 Stat. 1143 (2019) (the "Clarification Act"), codified with the VSST Act at 34 U.S.C. § 20144.

6.      The Clarification Act made clear that 9/11 widows and children were eligible to be paid by the VSST even if they had previously received some compensation from the Victims' Compensation Fund of 2001.

7.      Congress also wanted to ensure that newly eligible VSST claimants could receive reasonable compensation for the pain and suffering they had endured for decades.[1]

8.      Congress therefore increased the amount of civilly forfeited funds that should have been deposited into the VSST starting in December 2015 from 50% to 75% to grow the overall compensation available to VSST claimants.

---

[1]  *See* Press Release, *available at* https://www.schumer.senate.gov/newsroom/press-releases/schumer-announces-9/11-widows-and-children-will-gain-access-to-special-terror-victims-fund-as-part-of-bipartisan-spending-bill-which-gets-vote-this-week-senator-says-deal-he-pushed-will-help-more-ny-families (last visited May 10, 2021).

9.    Despite several unequivocal statutory mandates, Defendants nevertheless have failed to appropriately fund and administer the VSST in at least two critical respects—(1) by ignoring the Clarification Act requirement for Defendants to deposit into the VSST "seventy-five percent" instead of "one-half" of civil funds and property paid to the United States after December 18, 2015, resulting in an underpayment to Plaintiffs of millions of dollars and (2) by failing to pay claims "on a pro rata basis, based on the amounts outstanding and unpaid on eligible claims" resulting in an underpayment of millions of dollars to newly eligible VSST claimants.

10.    Plaintiffs, on behalf of themselves and all other similarly situated eligible 9/11-related VSST claimants, seek a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, setting forth their rights because of Defendants' violations of the VSST Act, the Clarification Act, and seek a finding pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 et seq., that Defendants' conduct has been arbitrary, capricious, an abuse of discretion, and not in accordance with law.

## JURISDICTION AND VENUE

11.    This Court has jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States. This Court also has jurisdiction pursuant to 28 U.S.C. § 1361 because this is an action seeking to compel federal officers to perform a duty owed to the Plaintiffs and the class they represent.

12.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) and (e)(1) because the District of Columbia is a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred and will occur.

## THE PARTIES

### Plaintiffs

13.    Plaintiff Christine I. O'Neill is a United States citizen and a resident of the State of New Jersey. She is the surviving widow of John P. O'Neill, Sr., who was killed in the terrorist attack on the World Trade Center Towers in New York City on September 11, 2001. John P. O'Neill, Sr. was the security director of the World Trade Center when he was killed; previously, he was the Special Agent in Charge of National Security for the New York Field Office of the Federal Bureau of Investigation.   Christine O'Neill is an eligible 9/11-related VSST claimant.

14.    Plaintiff the Estate of John P. O'Neill, Sr., is the legal entity created to recover damages on behalf of John P. O'Neill, Sr., deceased, and on behalf of all survivors and all legally entitled beneficiaries and family members of John P. O'Neill, Sr., arising from the September 11, 2001 terrorist attack on the World Trade Center. The estate is an eligible 9/11-related VSST claimant.

15.    Plaintiff Mark Morabito is a United States citizen and a resident of the State of New York. He is the surviving spouse of Laura Lee Morabito, who was a passenger on American Airlines Flight 11 and was killed when terrorists hijacked the aircraft and crashed it into the World Trade Center's North Tower in New York City on September 11, 2001.  Plaintiff Mark Morabito is also the duly-appointed representative of the Estate of Laura Lee Morabito, and is entitled to recover damages on behalf of Laura Lee Morabito, deceased, and on behalf of all survivors and legally-entitled beneficiaries of the Estate of Laura Lee Morabito.  Plaintiff Mark Morabito and the Estate of Laura Lee Morabito are eligible 9/11-related VSST claimants.

16.    Plaintiff the Estate of Laura Lee Morabito, is the legal entity created to recover damages on behalf of Laura Lee Morabito, deceased, and on behalf of all survivors and

all legally entitled beneficiaries and family members of Laura Lee Morabito, arising from the

September 11, 2001 terrorist attack on the World Trade Center. The estate is an eligible 9/11-

related VSST claimant.

17.     Plaintiff Anne M. Wodenshek is a United States citizen and resident of the

State of New Jersey.  She is the surviving spouse of Christopher W. Wodenshek, who was

working in North Tower of the World Trade Center and was killed when terrorist hijacked an

aircraft and crashed it into the building.  Plaintiff Anne Wodenshek is also the duly-appointed

representative of the Estate of Christopher W. Wodenshek, and is entitled to recover damages on

behalf of Christopher W. Wodenshek, deceased, and on behalf of all survivors and legally-

entitled beneficiaries of the Estate of Christopher W. Wodenshek. Plaintiff Anne M. Wodenshek

and the Estate of Christopher W. Wodenshek are eligible 9/11-related VSST claimants.

18.     Plaintiff the Estate of Christopher W. Wodenshek, is the legal entity

created to recover damages on behalf of Christopher W. Wodenshek, deceased, and on behalf of

all survivors and all legally entitled beneficiaries and family members of Christopher W.

Wodenshek, arising from the September 11, 2001 terrorist attack on the World Trade Center.

The estate is an eligible 9/11-related VSST claimant.

19.     Plaintiff Sharon Premoli is a United States citizen and a resident of State

of Vermont, who was injured while trying to exit the North Tower of the World Trade Center

where she had been working on the 80th Floor. Sharon Premoli is an eligible 9/11-related VSST

claimant.

### Defendants

20.     Defendant Merrick Garland is the Attorney General of the United States.

The Attorney General, acting through an appointed Special Master, is charged with

administering the VSST; promulgating all procedural and substantive rules for its administration;

6

and employing and supervising other administrative personnel necessary to perform the duties of the Special Master. *See* 34 U.S.C. § 20144(b).

21.     Defendant United States Department of Justice (the "DOJ") is an agency of the United States government.

22.     Defendant Janet L. Yellen is the Secretary of the Treasury of the United States.

23.     Defendant United States Department of the Treasury ("Treasury") is an agency of the United States government tasked under the VSST Act as amended by the Clarification Act with depositing funds from various sources into the VSST. *See* 34 U.S.C. § 20144(e).

24.     Defendant Office of Management and Budget is an agency of the United States government.

25.     Defendant Mary Patrice Brown is the Special Master of the VSST as appointed by the Attorney General under the VSST Act, which requires the Attorney General to appoint the Special Master.[2]

## **CLASS ALLEGATIONS**

26.     Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) on behalf of a class of similarly situated 9/11-related claimants under 34 U.S.C. § 20144 who are eligible for compensation from the VSST.

---

[2]  http://www.usvsst.com/ Home Page ("The U.S. Victims of State Sponsored Terrorism Fund ("USVSST Fund") is pleased to announce that the Attorney General appointed Mary Patrice Brown as the Special Master. Ms. Brown's distinguished career includes decades with the U.S. Department of Justice, where she rose to Deputy Assistant Attorney General in the Criminal Division before leaving for private practice.") (last updated February 16, 2021)

docs-100381580.1

27.     The foregoing defined class (the "Class") consists of all currently eligible 9/11-related VSST claimants as to Counts 1 and 3, and as to Count 2, for 9/11-related VSST claimants recently deemed eligible for the VSST for the first time for the third distribution.

28.     The members of the Class are so numerous that joinder of all members is impracticable. In her June 2020 report to Congress, the then Special Master stated that there are currently 10,590 eligible 9/11-related claimants in the VSST, a large subset of which were only recently deemed eligible by the VSST for the third distribution.[3]

29.     Plaintiffs, the named Class representatives herein, comprise a group that includes eligible 9/11 estate VSST claimants and eligible living 9/11 VSST claimants.

30.     Plaintiffs' claims are typical of the claims of the other members of the Class, as all members of the Class are similarly affected by Defendants' clear-cut violations of the various provisions of the VSST Act and the Clarification Act and by Defendants' arbitrary, capricious and unlawful conduct, which were purportedly designed to implement the VSST Act and the Clarification Act.

31.     Plaintiffs will fairly and adequately protect the interests of the members of the Class and have retained competent and experienced counsel to prosecute this type of class action litigation.

32.     Common questions of law or fact exist as to all members of the Class and predominate over any questions affecting individual members of the Class. The questions of law or fact common to all members of the Class include, but are not limited to, whether Defendants misallocated funds that should have been deposited into the VSST for payment to the Class and

---

[3] *See* Special Master Report Regarding the Third Distribution, at p. 6, *available at* http://www.usvsst.com/docs/USVSST%20Fund%20Congressional%20Report%20June%202020.pdf.

whether the VSST improperly failed to allocate funds on a pro rata basis based on the amounts outstanding and unpaid on eligible VSST claims.

33.    Final declaratory and injunctive relief with respect to the Class as a whole is appropriate because the Defendants have acted arbitrarily, capriciously and not in accordance with law, in a manner that is generally applicable to the entire Class.

## BACKGROUND

34.    On September 11, 2001, 2,977 individuals were murdered when nineteen (19) terrorists, along with co-conspirators and accessories perpetrated an attack on the United States.

35.    Plaintiffs filed multiple lawsuits against Iran in the Southern District of New York and duly served Iran under applicable law.  *See, e.g.*, *The Estate of John P. O'Neill, Sr., et al. v. Islamic Republic of Iran, et al.*, 1:04:cv-1076 (GBD) (SN); *Jessica DeRubbio, et al. v. Islamic Republic of Iran*, 1:18-cv-05306 (GBD) (SN); *Kathleen Ashton, et al. v. Al Qaeda, et al.*, 1:02-cv-06977 (GBD) (SN); *Sheri Burlingame, et al. v. Bin Laden, et al*., 1:02:cv-07230 (GBD) (SN); *Thomas Burnett, Sr., et al. v. The Islamic Republic of Iran, et al.*, 1:15-cv-09903 (GBD) (SN).  These cases were consolidated with other similar lawsuits brought against Iran and other defendants into the multi-district litigation ("MDL") *In re Terrorist Attacks on September 11, 2001*, 03-mdl-1570 (GBD) (SN).

36.    Iran failed to appear in the MDL. *See, e.g.*, Clerk's Certificate of Default, 18-cv-05306, ECF No. 55; Clerk's Certificate of Default, 04:cv-1076, ECF No. 543; Clerk's Certificate of Default, 15-cv-09903, ECF No. 67.

37.    Following Iran's default, Plaintiffs prevailed against Iran. They proved that Iran provided material support and other assistance to the terrorists, enabling them to carry out the September 11, 2001 Attacks and that each Plaintiff lost a loved one or were injured as a

9

result of the attacks that day. *See e.g., O'Neill and DeRubbio* Judgments on Liability Against Iran, MDL ECF Nos. 4563, 3022; *Ashton* Judgment on Liability, MDL ECF No. 3008; *Burnett* Judgment on Liability, MDL ECF No. 3441.

38.    Plaintiffs obtained damages judgments against Iran for its role in the 9/11 attacks. *See e.g.*, Judgments, MDL ECF Nos. 4889, 5927, 4725, 5857; *Burlingame*, 1:02-cv-07230 ECF No. 78; *Burnett* Judgments, MDL ECF Nos. 3666, 4023, 4126, 4175, 4146, 5061, 5062, 5087, 5138, 5151, 5356, 5848, 5949, 5951, 5975, 5979, 6034, 6035, 6037, 6038, 6039, and 6040.

39.    On December 18, 2015, Congress enacted the VSST Act creating a fund to compensate victims of Iranian terror and their families. *See* Justice for United States Victims of State Sponsored Terrorism Act, Pub. L. 114–113, § 404, 129 Stat. 3007 (2015).

40.    Shortly after Congress created the VSST, on May 17, 2016, the DOJ appointed Kenneth Feinberg as Special Master to administer the fund.[4]

41.    Since Congress created the Fund, the VSST has made three distributions to eligible claimants; for fiscal year 2017, for fiscal year 2018, and only recently began making payments for fiscal year 2019.[5]

42.    In the first distribution, the VSST paid to 2,332 eligible 9/11 and non-9/11 claimants 13.66% of their claim amounts, generally calculated as the "payment percentage" of the judgment the claimant secured against a State Sponsor of Terror, like Iran. In the second

---

[4]  *See* Press Release, Department of Justice Compensates Victims of State Sponsored Terrorism, *available at* https://www.justice.gov/opa/pr/department-justice-compensates-victims-state-sponsored-terrorism (last visited May 10, 2021).

[5]  *See* Special Master Report Regarding the Third Distribution, at p. 2, *available at* http://www.usvsst.com/docs/USVSST%20Fund%20Congressional%20Report%20June%202020.pdf; *see also* U.S. Victims of State Sponsored Terrorism Fund, *available at* http://www.usvsst.com/index.php (last visited May 10, 2021).

distribution, the VSST paid to 5,504 (2,332 round one plus 3,172 new round two) eligible 9/11 and non-9/11 claimants 4.2% of their eligible claim amounts.[6]

43.    Following the second distribution, on information and belief, in February 2019, Mr. Feinberg stepped down as Special Master of the VSST.

44.    After Special Master Feinberg stepped down, the Department of Justice named Deborah L. Connor, Chief of the Money Laundering and Asset Recovery Section, Criminal Division, U.S. Department of Justice, the interim Special Master on March 8, 2019, who served as interim Special Master until January 2021 when the then Attorney General appointed Mary Patrice Brown as Special Master.[7]

45.    Prior to the third distribution, on November 21, 2019, Congress enacted the Clarification Act. *See* United States Victims of State Sponsored Terrorism Fund Clarification Act, P.L. 116-69, § 1701, 133 Stat. 1143 (2019).

46.    As described by the statute's principal architect, the Clarification Act amended the VSST Act by: [8]

> (a) Clarifying that September 11th widows and children are eligible to be paid by the VSST for the incontrovertible pain and suffering they have

---

[6] *See* U.S. Victims of State Sponsored Terrorism Fund Payment Calculation Explanation for 9/11-Related Claims, August 2020, at p. 7 fn. 11, *available at* http://www.usvsst.com/docs/USVSST%20Fund%20Round%20Three%20Payment%20Calculation%209-11_Aug%202020.pdf; *see also* Special Master Report Regarding the Third Distribution, at p. 2.

[7] *See* Justice for United States Victims of State Sponsored Terrorism Act: Eligibility and Funding, Congressional Research Service (updated Feb. 9, 2021), available at https://crsreports.congress.gov/product/pdf/IF/IF10341 (last viewed February 17, 2021).

[8] *See* Press Release, *available at* https://www.schumer.senate.gov/newsroom/press-releases/schumer-announces-9/11-widows-and-children-will-gain-access-to-special-terror-victims-fund-as-part-of-bipartisan-spending-bill-which-gets-vote-this-week-senator-says-deal-he-pushed-will-help-more-ny-families (last visited May 10, 2021).

endured for decades, as well as a group of Tehran hostages who were previously unable to access the VSST.

(b) Dividing the VSST in half between 9/11 and non-9/11 claimants, such as the hostages from the U.S. Embassy in Iran and the victims of the Beirut Marine Barracks bombing.

(c) Increasing the overall family cap on the 9/11 side of the VSST, recognizing that widows and children are awarded higher claims based on their close relationship with their deceased loves ones.

(d) Re-opening the application period for the next award distribution so that newly eligible claimants do not miss any further compensation.

(e) Extending the VSST for 10 years to guarantee more compensation to victims.

(f) Increasing the cap on the funds assessed from sanction violations that sustain the VSST, in order to grow the overall compensation available to claimants.

(g) On the 9/11 side of the VSST, reducing attorneys' fees from 25% to 15%.

47.     With regard to "re-opening the VSST application period," the Clarification Act delayed third round VSST payments for fiscal year 2019 to allow time for Defendants to implement the amendments made to the VSST by the Clarification Act.

48.     Specifically, while the VSST paid previous round award distributions in or about January following the end of the prior fiscal year, *see* Special Master Report Regarding the Third Distribution, at p. 2, for round three payments, Congress required the VSST to wait. The

12

VSST could not "authorize third-round payments to satisfy eligible claims . . . earlier than 90 days . . . after November 21, 2019." 34 U.S.C. § 20144(d)(4)(B). In actuality, the VSST did not even notify third round claimants of their eligibility for the VSST until May 19, 2020. *See* Special Master Report Regarding the Third Distribution, at p. 3.

49.     With regard to "[i]ncreasing the cap on the funds assessed from sanction violations that sustain the VSST,"  instead of requiring Treasury to deposit "[o]ne-half of all funds, and one-half of the net proceeds from the sale of property, forfeited or paid to the United States after December 18, 2015, as a civil penalty or fine arising from" the violation of various federal statutes, the VSST Act as amended by the Clarification Act required "[**s]eventy-five percent** of all funds, and **seventy-five percent** of the net proceeds from the sale of property . . . paid to the United States after December 18, 2015" to be deposited into the VSST. *See* 34 U.S.C. § 20144(e)(2)(A)(ii) (emphasis added).

50.     Further, as has been the case throughout the existence of the VSST, both the VSST Act enacted in December 2015 and the VSST Act as amended by the Clarification Act require the Special Master to allocate the VSST funds "on a pro rata basis, based on the amounts outstanding and unpaid on eligible claims." *See* 34 U.S.C. § 20144(d)(3)(A).

51.     A true and correct copy of the original VSST Act, enacted on December 18, 2015, is attached hereto as Exhibit A.

52.     A true and correct copy of the Clarification Act is attached hereto as Exhibit B.

53.     A true and correct copy of the VSST Act as amended by the Clarification Act is attached hereto as Exhibit C.

54.     A true and correct copy of the current VSST Act as amended on December 27, 2020 by the Sudan Claims Resolution Act, downloaded from the VSST website, is attached hereto as Exhibit D. *See* 34 U.S.C. § 20144.

55.     Despite the new statutory mandate requiring Defendants to deposit "seventy-five percent" of certain civil forfeitures into the VSST dating back to December 18, 2015, Defendants refused to comply with this statutory mandate.

56.     Defendants failed to allocate these additional funds to the VSST for third round payments despite implementing other changes to the Fund for the third round that significantly limited the recovery for 9/11-related claims, such as sub-dividing the VSST into two groups—9/11-related VSST claimants, and non-9/11-related VSST claimants—which effectively pigeon-holed thousands of additional 9/11 claimants into a smaller fund, without increasing the size of the fund as required by Congress.

57.     As a result, on August 28, 2020, the VSST announced that due to the large number (10,590) of 9/11 victims and family members in the fund, coupled with the large size of their judgments, the VSST could issue only partial payments (i.e. a "payment percentage") on judgments to eligible 9/11 claimants of .**7568%** for round three payments, an average of about $50,000 per judgment, compared to the 13.66% round one payment percentage and the 4.2% round two payment percentage, corresponding to award amounts 5 to 15 times higher than round three awards.[9] At the same time, the VSST announced a much higher payment percentage (5.84%) and average award amount ($200,000) to non-9/11 VSST claimants (2,822) for round three distributions.

---

[9] *See* U.S. Victims of State Sponsored Terrorism Fund, *available at* http://www.usvsst.com/index.php (last visited May 10, 2021).

58.     Had Defendants allocated the additional civil forfeiture funds to the VSST for payment, Plaintiffs and the Class would have received a significantly higher third round payment on their judgments from the VSST.  Plaintiffs raised this issue with the Special Master during a video conference call on March 12, 2021 and by letter on March 23, 2021. On March 26, 2021, the Special Master responded, indicating that the VSST would not change its position.

59.     Additionally, in calculating the .7568% "payment percentage" and issuing award amounts, the VSST failed to allocate funds "on a pro rata basis, *based on the amounts outstanding and unpaid on eligible claims*".  *See* 34 U.S.C. § 20144(d)(3)(A) (emphasis added).

60.     Instead, on information and belief, the VSST calculated payments to VSST claimants based on the full amount of eligible judgments in the VSST, even for those judgments that had already received partial payment from the VSST in prior years.

61.     Had Defendants correctly allocated funds on a pro rata basis, based on the amounts outstanding and unpaid on eligible claims, the payment percentage would have been higher, thus increasing award amounts for new third round VSST claimants by millions of dollars.

62.     Accordingly, Plaintiffs have been materially adversely affected by Defendants' conduct.

## FIRST CAUSE OF ACTION

**(Violation of the VSST Act and the Clarification Act by Failing to Allocate 75% of Civil Forfeitures)**

63.     Plaintiffs repeat and reallege the foregoing allegations set forth above as if fully set forth herein.

64.     In implementing the VSST Act as amended by the Clarification Act, Defendants ignored the statutory mandate to allocate to the VSST "**Seventy-five percent** of all

15

funds, and **seventy-five percent** of the net proceeds from the sale of property, **forfeited or paid to the United States after December 18, 2015**, as a civil penalty or fine arising from a violation of any license, order, regulation, or prohibition issued under the International Emergency Economic Powers Act, (50 U.S.C. 1701 et seq.) or the Trading with the Enemy Act (50 U.S.C. App. 1 et seq.), or any related conspiracy, scheme, or other Federal offense arising from the actions of, or doing business with or acting on behalf of, a state sponsor of terrorism." 34 U.S.C. § 20144 (emphasis added).

65.    Specifically, Defendants failed to allocate the additional funds from fiscal year 2019 forfeitures to the VSST for fiscal year 2019 round three VSST payments. Defendants also refused to allocate the additional funds to the VSST for civil forfeitures going back to December 18, 2015.

66.    As a result of Defendants' conduct, Plaintiffs and other class members received significantly lower award amounts from the VSST for third round payments, amounting to an underpayment of millions of dollars.

67.    By reason of the foregoing, a ripe and justifiable controversy exists, and Plaintiffs have standing to assert their rights under the VSST Act as amended by the Clarification Act and bring this class action lawsuit.

68.    Plaintiffs require and request a declaration, pursuant to 28 U.S.C. § 2201, that Defendants' actions violate the VSST Act as amended by the Clarification Act.

<u>**SECOND CAUSE OF ACTION**</u>

**(Violation of the VSST Act and the Clarification Act by Failing to Allocate Funds on a Pro Rata Basis, Based on the Amounts Outstanding and Unpaid on Eligible Claims)**

69.    Plaintiffs repeat and reallege the foregoing allegations set forth above as if fully set forth herein.

16

docs-100381580.1

70.     In implementing the VSST Act as amended by the Clarification Act, Defendants failed to allocate funds to eligible VSST claimants "on a pro rata basis, based on the amounts outstanding and unpaid on eligible claims."

71.     Instead, the VSST calculated payments to VSST claimants based on the full amount of all eligible judgments in the VSST, even if those judgments had already received partial payments from the VSST in prior years.

72.     As a result of Defendants' conduct, Plaintiffs and other class members newly deemed eligible for third round payments from the VSST received significantly lower award amounts from the VSST, amounting to an underpayment of millions of dollars.

73.     By reason of the foregoing, a ripe and justifiable controversy exists, and Plaintiffs have standing to assert their rights under the VSST Act as amended by the Clarification Act and bring this class action lawsuit.

74.     Plaintiffs require and request a declaration, pursuant to 28 U.S.C. § 2201, that Defendants' actions violate the VSST Act as amended by the Clarification Act.

## THIRD CAUSE OF ACTION

### (Judicial Review of Agency Action Under the APA)

75.     Plaintiffs repeat and reallege the foregoing allegations set forth above as if fully set forth herein.

76.     The APA provides a right of judicial review, including declaratory relief, to any person adversely affected or aggrieved by agency action. 5 U.S.C. §§ 702, 703.

77.     The APA provides for judicial review of all relevant questions of law and interpretations of statutory provisions, including to compel agency action unlawfully withheld or unreasonably delayed, and to hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise not in

17

accordance with law, in excess of statutory jurisdiction, authority, or limitations, or short of statutory right, or without observance of procedure required by law. 5 U.S.C. § 706.

78.     Defendants' action in failing to allocate the correct amount of funds to pay terror victims and their families constitutes an arbitrary, capricious, and unlawful decision in violation of the APA.

79.     Defendants' action in failing to allocate funds to eligible VSST claimants "on a pro rata basis, based on the amounts outstanding and unpaid on eligible claims" constitutes arbitrary, capricious, and unlawful decision in violation of the APA.

80.     Plaintiffs have been and will continue to be adversely affected and aggrieved by Defendants' actions in that Defendants caused the VSST to underpay Plaintiffs for round three VSST distributions by millions of dollars and have sought to avoid paying Plaintiffs round four payments for fiscal year 2020.

81.     There is a justiciable controversy in that Defendants' arbitrary, capricious and unlawful actions deprived and continue to deprive Plaintiffs of award amounts they were otherwise entitled to receive from the VSST.

82.     Plaintiffs require and request a declaration that the above-referenced actions of Defendants are arbitrary, capricious, an abuse of discretion, and not in accordance with law.

WHEREFORE, Plaintiffs, on behalf of themselves and all other similarly situated eligible 9/11-related VSST claimants under 34 U.S.C. § 20144, demand judgment herein against the Defendants as follows:

1.     Declaring that Defendants' failure to allocate to the VSST "seventy-five percent of all funds, and seventy-five percent of the net proceeds from the sale of property,

forfeited or paid to the United States after December 18, 2015, as a civil penalty or fine arising from a violation of any license, order, regulation, or prohibition issued under the International Emergency Economic Powers Act, (50 U.S.C. 1701 et seq.) or the Trading with the Enemy Act (50 U.S.C. App. 1 et seq.), or any related conspiracy, scheme, or other Federal offense arising from the actions of, or doing business with or acting on behalf of, a state sponsor of terrorism," is in violation of the VSST Act as amended by the Clarification Act;

2.      Declaring that the funds that Defendants failed to allocate to the VSST in accordance with the plain language of the VSST Act as amended by the Clarification Act should have been deposited into the VSST upon the effective date of the Clarification Act, November 21, 2019, and should have been in the VSST prior to any third round distribution;

3.      Requiring Defendants to make a supplemental third round distribution within 90 days to all eligible third round VSST claimants from the additional civil forfeiture funds that should have been deposited into the VSST prior to the VSST issuing third round payments;

4.      Requiring Defendants to make a supplemental third round distribution within 90 days to all new third round claimants who were adversely affected by Defendants' failure to allocate funds to eligible VSST claimants on a pro rata basis, based on the amounts outstanding and unpaid on eligible claims;

5.      Requiring that any supplemental distribution made as a result of this lawsuit not be paid with funds that would otherwise be available to pay eligible VSST claimants for future payment rounds;

6.      Declaring that the complained of conduct purporting to implement and to administer the VSST are in violation of the APA;

docs-100381580.1

7.    Ordering such other and further preliminary and permanent declaratory and injunctive relief as is necessary to protect and preserve all of Plaintiffs' rights and entitlements;

8.    Granting an award of attorneys' fees and costs including but not limited to fees and costs available under the Equal Access to Justice Act, 28 U.S.C. § 2412 and any other applicable statutory or equitable principles; and,

9.    Granting pre- and post-judgment interest on funds to be reallocated.

## JURY DEMAND

Plaintiffs demand trial by jury of all issues legally triable to a jury.

Dated:    May 10, 2021

By:  /s/ *Stephen D. Palley, Esq.*
Stephen D. Palley, Esq., DC Bar No.: 497413
ANDERSON KILL, LLP
1717 Pennsylvania Avenue NW, Suite 200
Washington, DC 20006
Telephone: 202-416-6500
Facsimile: (202) 416-6555
Email:  spalley@andersonkill.com

-&-

Jerry S. Goldman, Esq. – pro hac vice pending
Bruce Strong, Esq. – pro hac vice pending
ANDERSON KILL P.C.
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 278-1000
Facsimile: (212) 278-1733
Email:  jgoldman@andersonkill.com
        bstrong@andersonkill.com

-&-

James P. Kreindler, Esq.
KREINDLER & KREINDLER LLP
485 Lexington Ave.
New York, New York 10017

docs-100381580.1

Telephone: 212-687-8181
Facsimile:  212-972-9432
Email:  jkreindler@kreindler.com

-&-

Jodi Westbrook Flowers, Esq.
John M. Eubanks, Esq.
Robert T. Haefele, Esq., DC Bar No.: 1007583
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Telephone: 843-216.9000
Facsimile: 843-216-9450
Email:  jflowers@motleyrice.com
        jeubanks@motleyrice.com
        rhaefele@motleyrice.com

*Attorneys for Plaintiffs*